**Robert Locke JOHNSON, Petitioner–Appellant,**

v.

**Robert MOORE, Superintendent, MCC/TRU, Respondent– Appellee.**

**No. 03–35441.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 10, 2004.

Robert Locke Johnson, 987993, Monore, WA, pro se.

Paul D. Weisser, AAG, Attorney General's Office, Olympia, WA, for Respondent– Appellee.

■

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

R.App. P. 34(a)(2).

Before: ALARCON, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

The right to effective assistance of counsel is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There can be no viable ineffective assistance of counsel claim for failure to object to a proper jury instruction. *See United States v. Oplinger*, 150 F.3d 1061, 1072 (9th Cir.1998). The state court determined that the Washington "aggressor" jury instruction neither misstated the law under the facts of Johnson's case nor prejudiced Johnson. The court therefore rejected Johnson's ineffective assistance of counsel claim premised on his counsel's failure to object to the "aggressor" jury instruction.

Alleged errors in state court jury instructions do not provide a basis for federal habeas relief unless the instructions infect the entire trial such that due process has been denied. *Estelle v. McGuire*, 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The record establishes that the jury instruction did not prejudice Johnson by depriving him of a self-defense theory. Johnson testified that he was attacked first and that he did not provoke the victim. Accordingly, the state court's decision denying Johnson's ineffective assistance claim was not objectively unrea-

** This disposition is not appropriate for publication and may not be cited to or by the

sonable. *See Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003). **AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

